IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL PENCE,<br><br>               Plaintiff,<br><br>vs.<br><br>KO'OLAU SPIRITS LLC, A HAWAII LIMITED LIABILITY COMPANY; GINGER DILL, AN INDIVIDUAL; ERIC DILL, AN INDIVIDUAL; AND IAN BROOKS, AN INDIVIDUAL;<br><br>               Defendants. | CIV. NO. 20-00311 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS/ COUNTERCLAIMANTS/THIRD-PARTY PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS/ COUNTERCLAIMANTS/THIRD-PARTY PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

      Before the Court is Defendants/Counterclaimants/Third-Party Plaintiff's (collectively "Defendants") Motion for Approval of Settlement Agreement ("Motion"), filed on March 22, 2021.  ECF No. 44.  The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  The Court enters its disposition through findings and recommendations pursuant to Rule 72 of the Federal Rules of Civil Procedure.

The Court, having carefully considered the written submissions of the parties, the parties' declarations and exhibits, the argument of counsel, the records and files in this case, and the applicable law, FINDS and RECOMMENDS the Motion be GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff Daniel Pence ("Plaintiff") filed a complaint on July 13, 2020 under The Fair Labor Standards Act of 1938 ( "FLSA"), 29 U.S.C. 201, et seq., alleging that Defendants failed to compensate Plaintiff for the work he performed as the Director of Retail Sales ("Retail Sales Director") of Defendant, Koʻolau Spirits LLC d/b/a Ko'olau Distillery ( "LLC").  ECF No. 1 at ¶¶ 2, 25-33 & 45-54.  Plaintiff alleges that he worked nearly three years for Defendants beginning in the early summer of 2017.  Id. at ¶¶ 17 & 37.  Plaintiff claims he worked approximately 20-25 hours per week during his first year.  Id. at ¶ 21.  Plaintiff claims that beginning in the second year, he worked in excess of 40 hours per week until his termination on May 29, 2020.  Id.  Plaintiff alleges that Defendants assured him compensation of at least $100,000 for his first full year of work once certain minimal targets were reached, but Plaintiff claims he never received this compensation.  Id. at ¶¶ 19 & 23.  Plaintiff alleges that Defendants owe him $275,000 in overdue compensation.  Id. at ¶ 62.

Defendants filed their Answer and counterclaims against Plaintiff on August 12, 2020.  ECF No. 7.  Defendants deny that Plaintiff was employed by the LLC or that Plaintiff is entitled to any employment compensation.  ECF No. 44-1 at PageID #: 287.  Although Defendants claim they were aware that Plaintiff assisted Plaintiff's wife, Heather Pence ("Mrs. Pence"), Defendants allege that they believed Plaintiff and his wife were investing "sweat equity" into the LLC's operation and profitability.  ECF No. 44-1 at PageID #: 287-288.

On August 12, 2020, Defendants filed a Third-Party Complaint against Mrs. Pence.  ECF No. 9.  On August 26, 2020, Plaintiff filed his Reply to the Counterclaims.  ECF No. 12.  On September 7, 2020, Third-Party Defendant, Mrs. Pence, filed a responsive motion which requested a stay or dismissal and to compel mediation and arbitration, or in the alternative, a dismissal due to improper venue and/or motion to transfer to United States District Court of the District of Delaware.  ECF No. 16.  By agreement, this motion was subsequently withdrawn to allow the parties to "pursue court-facilitated early settlement discussions."  ECF No. 26.  Thereafter, the undersigned magistrate judge assisted the parties with settlement discussions which resulted in a global settlement of all claims by and among the parties, including, without limitation, all claims, counterclaims, and third-party claims filed against Defendants, Plaintiff, and Third-Party Defendant (Mrs. Pence).  ECF No. 39.  The settlement was placed on the record on January 6,

2021.  Id.  The parties executed a formal Settlement Agreement on or about March 17, 2021.  ECF No. 47.

On March 22, 2021, Defendants filed the present Motion seeking "approval of the settlement agreement entered into by the Parties to the extent that approval by this Court is necessary to fully resolve Plaintiff's FLSA claims."  ECF No. 44-1 at PageID #: 285.  On March 25, 2021, the Settlement Agreement and Membership Assignment ("Settlement Agreement") was filed under seal.  ECF No. 47.  Plaintiff did not file a response, opposition, or statement of position.  Defendants filed a Reply in Support of Their Motion for Approval of Settlement Agreement ("Reply").  EFC No. 49.

## DISCUSSION

"[T]he principal purpose of the FLSA is 'to protect all covered workers from substandard wages and oppressive working hours.'"  Williamson v. General Dynamics Corp., 208 F.3d 1144, 150 (9th Cir. 2000) (citing Adair v. City of Kirkland, 185 F.3d 1055, 1059 (9th Cir. 1999)) (citation omitted).  "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."  Seminiano v. Xyris Enterprise, Inc., 602 Fed. Appx. 682, 683 (9th Cir. 2015) (citing Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013); 29 U.S.C. § 216(c)).

"The Ninth Circuit Court of Appeals has never addressed the approval of FLSA settlements,[1] but all the district courts within the Ninth Circuit to address the issue appear to follow Lynn's Food[,]" a case from the Eleventh Circuit Court of Appeals. Almodova v. City & Cty. of Honolulu, Civ. No. 07-00378 DAE-LEK, 2010 WL 1372298, at *4 (D. Haw. Mar. 31, 2010), report and recommendation adopted, Civ. No. 0700378 DAE-LEK, 2010 WL 1644971 (D. Haw. Apr. 20, 2010) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-1354 (11th Cir. 1982)). Under Lynn's Food, in determining whether to approve the FLSA settlement, "[t]he court must determine that the proposed settlement 'is a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions.'" Almodova, 2010 WL 1372298, at *3. This Court finds case law from the district courts within the Ninth Circuit persuasive and shall conduct an analysis under the Lynn's Food standard to determine whether to approve the FLSA Settlement Agreement currently before this Court.

A.    Bona Fide Dispute

"A bona fide dispute exists when there are legitimate questions about the existence and extent of [a] Defendant[s'] FLSA liability." Pelayo v. Platinum

---

[1] Since Almodova, which was decided in 2010, the Ninth Circuit has addressed an FLSA settlement, but only briefly in an unpublished opinion, Seminiano, and without discussion of the balancing of factors needed to determine whether a settlement is fair and reasonable. Seminiano, 602 Fed. Appx. at 683.

Limousine Servs., Inc., No. CV 15-00023 DKW-KJM, 2016 WL 7734557, at *4 (D. Haw. June 6, 2016), report and recommendation adopted in part, No. CV 15-00023 DKW-KJM, 2016 WL 5402185 (D. Haw. Sept. 27, 2016), aff'd, 804 F. App'x 522 (9th Cir. 2020) (citation omitted).  "The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties.  Slezak v. City of Palo Alto, No. 16-CV-03224-LHK, 2017 WL 2688224, at *2 (N.D. Cal. June 22, 2017) (citing Lynn's Food, 679 F.2d at 1353 n.8).

      In this case, the parties dispute whether Plaintiff should be considered an "employee" entitled to relief under the FLSA.  Plaintiff has the burden of establishing that he is an employee under the FLSA.  However, "[t]he Act itself provides little guidance on the term's meaning.  It defines an employee as 'any individual employed by an employer,' subject to enumerated exceptions, but this is 'completely circular and explains nothing."  Steelman v. Hirsch, 473 F.3d 124, 128-29 (4th Cir. 2007) (citations omitted).  "[C]ase law provides more direction. The Supreme Court has said that the term 'employee' is to be broadly construed, but 'it does have its limits,' and those limits must be defined in accordance with 'economic reality.'"  Id. (citing Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 (1985)) (citations omitted).  The courts "us[e] [this] 'economic realities test' to determine whether someone falls under the FLSA's definition of

an 'employee.'" Acosta v. Wellfleet Comm'ns, LLC, No. 2:16-CV-02353-GMN-GWF, 2018 WL 4682316, at *6 (D. Nev. Sept. 29, 2018) (citing Benjamin v. B & H Educ., Inc., 877 F.3d 1139, 1145 (9th Cir. 2017). In doing so, the courts "examine 'the circumstances of the whole activity,' rather than 'isolated factors,' or 'technical concepts,'" and the words "work or employment" is to be construed as it is "commonly used." Steelman, 473 F.3d at 128-129 (citations omitted).

Based on the facts and arguments made by the parties, this Court finds that a bona fide dispute existed in that it is far from clear whether Plaintiff is entitled to compensation under the FLSA. Plaintiff alleges that Defendants hired him as the Retail Sales Director and told him that once minimal targets were reached, Plaintiff would be paid for his service. ECF No. 1 at PageID #: 4-5. Plaintiff alleges he worked approximately 20 to 25 hours per week during his first year of employment, and an excess of 40 hours per week shortly into his second year of employment until he was terminated. Id. at PageID #: 5-6. Based on Plaintiff's allegations alone, it appears that Plaintiff may have been an employee for FLSA purposes.

However, Defendants deny that Plaintiff was ever employed by the LLC. Defendants allege that Mrs. Pence, in furtherance of her responsibilities as the Chief Marketing Officer, on occasion, instructed Plaintiff to assist her with her professional responsibilities. ECF No. 44-1 at PageID #: 287. Defendants claim

that Plaintiff has never requested a wage or salary from Defendants, and they were unaware of Plaintiff's alleged status as an employee until this lawsuit was initiated by Plaintiff.  Id. at PageID #: 287-288.  Defendants also claim that although Plaintiff did not have any formal membership interest in the LLC, Mrs. Pence routinely and consistently represented to other members of the LLC and to third parties that Plaintiff was a co-owner of the LLC with Mrs. Pence.  Id. at PageID #: 290-91.  Thus, under the facts alleged by Defendants, it appears that Plaintiff may not have been an employee under the FLSA.  Because the parties disagree on nearly all the critical facts in this case, this Court cannot find that there is no question that Plaintiff is an employee under FLSA and entitled to compensation.  Accordingly, this Court finds that a bona fide dispute exited between the parties.

This Court now turns to whether the Settlement Agreement was fair and reasonable under the FLSA such that it is "a reasonable compromise over contested issues." Pelayo v. Platinum Limousine Servs., Inc., Civ. No. 15-00023 DKW-KJM, 2016 WL 7734557, at *4 (D. Haw. June 6, 2016), report and recommendation adopted in part, Civ. No. 15-00023 DKW-KJM, 2016 WL 5402185 (D. Haw. Sept. 27, 2016), aff'd, 804 F. App'x 522 (9th Cir. 2020) (citation omitted).

B.   Fair and Reasonable Settlement

To determine whether the Settlement Agreement is fair and reasonable, the courts within the Ninth Circuit have applied the factors for approval of class action settlements to FLSA settlements.  See Almodova, 2010 WL 1372298, at *4.  The court balances the following factors:

> [T]he strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citation omitted).  These factors are applied by analogy to proposed FLSA settlements because there are no agreed upon factors to consider.  Almodova, 2010 WL 1372298, at *4-5.  "While some of these factors do not apply because of the inherent differences between class actions and FLSA actions, the majority of the factors are relevant" and will be used to determine whether the Settlement Agreement was fair and reasonable.  Id.  "[T]he court evaluates [these factors under] the 'totality of circumstances' within the context of the purposes of the FLSA."  Talavera v. Sun-Maid Growers of California, No. 1:15-CV-00842-DAD-SAB, 2020 WL 2195115, at *7 (E.D. Cal. May 6, 2020) (citing Slezak v. City of Palo Alto, No. 16-CV-03224-LHK, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017)).

9

1.   Strength of Plaintiff's Case

In the absence of a written employment agreement or other documentation showing employment, such as the payment of wages, Plaintiff would face difficulties meeting his burden to establish that he was an "employee" under FLSA. Plaintiff's alleged verbal discussions with Defendants alone, especially in light of Defendants' contradictory allegations, may not be enough to establish that Plaintiff was an "employee" of the LLC. This factor thus weighs in favor of approving the Settlement Agreement.

2.   Risks of Further Litigation

This factor weighs in favor of approval where "there is a significant risk that litigation might result in a lesser recover[y] . . . or no recovery at all." Slezak, 2017 WL 2688224, at *4 (citing Bellinghausen v. Tractor Supply Company, 306 F.R.D. 245 (N.D. Cal. Mar. 20, 2015). Central to Plaintiff's success in this case is whether he is able to establish that he qualifies as an "employee." As discussed previously, given Plaintiff's burden, the conflicting factual allegations, and the likely difficulty Plaintiff will face in providing evidence in support of being an "employee," this Court finds that the risk is significant. See supra Part B.1. This Court thus finds that this factor weighs in favor of approving the Settlement Agreement.

3. Stage of the Proceedings

"The court is also required to evaluate the stage of the proceedings and the amount of discovery completed to ensure that 'the parties carefully investigated the claims before reaching a resolution.'" Talavera, 2020 WL 2195115, at *7 (citing Ontiveros v. Zamora, 303 F.R.D. 356, 371 (E.D. Cal. 2014)). "This factor will weigh in favor of approval if the parties have sufficient information to make an informed decision regarding settlement." Id. (citing Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1239 (9th Cir. 1998)). Plaintiff filed his Complaint (ECF No. 1) in this case on July 13, 2020, and the Rule 16 Scheduling Conference was held on September 14, 2020 (ECF No. 21).

Defendants claim that in an effort to resolve this litigation on reasonable terms, the parties practiced limited discovery. ECF No. 44-3 (Declaration of William M. Harstad) at PageID #: 304. Defendants' counsel states in a declaration that:

> Among other things, the Parties have exchanged initial disclosures under Rule 26 of the Federal Rules of Civil Procedure ("FRCP") and written discovery has been served upon Defendants by Plaintiff under Rules 33, 34, and 36 of the FRCP. No oral depositions have been taken.

ECF No. 44-3 at PageID #: 304-305. Defendants' counsel also states that "[w]hile the discovery conducted thus far has been minimal, the discovery conducted in this lawsuit has been sufficient for both Plaintiff and Defendants to evaluate the merits and deficiencies of their positions relating to Plaintiff's claims brought under the

11

[FLSA]." Id. at PageID #: 305.  Based on this Court's knowledge of this case and counsel's representations, this Court finds that the amount of discovery completed in this case is sufficient such that the parties were able to make an informed decision regarding the Settlement Agreement.  This factor thus weighs in favor of approval.

      4.     <u>Expense, Complexity, and Duration of Further Litigation</u>

Given the number of parties, nature of the claims, counterclaims, third-party claims and defenses, this Court finds that even the most basic discovery and pre-trial motions would have required the expenditure of significant resources. Defendants had anticipated that a significant amount of discovery, in the form of written discovery requests and oral deposition, was likely needed to prepare for trial.  ECF No. 44-1 at PageID #: 294.  Further, Defendants also anticipated numerous pre-trial dispositive motions as well as the need to retain expert witnesses if this case did not settle.  Id.  Implicit in the parties' willingness to engage in early settlement discussions is that they appreciated the litigation risk and expense that lay ahead should they be unable to settle.  The settlement reached in this case permitted the parties to save significant resources that would have otherwise been required through trial scheduled for December 14, 2021.  ECF Nos. 21 & 22.  Accordingly, this factor weights in favor of approval of the Settlement Agreement.

5.   Amount Offered in Settlement

This Court finds that the amount offered by Defendants was a substantial sum given the facts of this case.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-1354 (11th Cir. 1982)) ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of adversarial context").  Plaintiff made a substantial claim for $275,000.00 in his Complaint.  However, he ultimately accepted the amount offered in settlement by Defendants, presumably after considering the advantages and certainty afforded by a settlement as compared to the risks and uncertainty of further litigation.  Further, the amount offered by Defendants is significant given that the LLC is a locally owned company in its infancy stage during the COVID-19 pandemic.

6.   Experience and Views of Counsel

Although Plaintiff's counsel has recently been licensed to practice law in the State of Hawaii in 2019, it appears that Plaintiff's counsel has been licensed and practicing law since 2005 in the District of New York.  Hawaii State Bar Association, Membership Directory (https://hsba.org/HSBA/ SEARCH_DIRECTORY/HSBA/Directory/Directory_SearSe.aspx); Martindale (https://www.martindale.com/attorney/james-d-dipasquale-16396130/).  Defendants' counsel has nearly twenty-years of civil litigation experience.  ECF

No. 44-3 at PageID #: 306. Plaintiff and Defendants' counsel are experienced, and their respective client's opposing views on the facts of this case show that litigation would have ensued if the parties could not settle. Accordingly, this factor weighs in favor of approval.

      7.      <u>Plaintiff's Reaction to the Settlement</u>

All parties, including Plaintiff, with the advice of capable and experienced counsel, elected to voluntarily resolve this dispute through the Settlement Agreement negotiated at arms-length with the Court's assistance. That Plaintiff has decided to resolve this litigation in lieu of proceeding to trial shows that Plaintiff accepted Defendants' offer presumably after considering the advantages and certainty afforded by a settlement as compared to the risks and uncertainty of further litigation. As such, this factor also favors approval of the Settlement Agreement.

Based upon these factors, under the totality of circumstances, the Court finds that the Settlement Agreement constitutes a fair and reasonable compromise of all claims including Plaintiff's FLSA claims.

<u>CONCLUSION</u>

Based on the foregoing, this Court FINDS that there was a bona fide dispute to which the Settlement Agreement provides a fair and reasonable resolution of Plaintiff's FLSA claims. Accordingly, this Court FINDS and RECOMMENDS

that Defendants Motion for Approval of Settlement Agreement (ECF No. 44), filed on March 22, 2021, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 7, 2021.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00311 JMS-RT; *Pence v. Ko'olau Spirits LLC, et al.*; Findings and Recommendation to Grant Defendants/Counterclaimants/Third-Party Plaintiff's Motion for Approval of Settlement Agreement